UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:26-cv-866

KATHIANA ACEVEDO,

Plaintiff,

v.

KARDIA TRANSPORT, LLC.,

Defendant.
_________________________________________/

**COMPLAINT**

Plaintiff, KATHIANA ACEVEDO (hereinafter, "ACEVEDO" or "Plaintiff"), by and through her undersigned counsel, brings this action against Defendant, KARDIA TRANSPORT, LLC. (hereinafter, "KARDIA" or "Defendant"), and alleges as follows:

Preliminary Statement

1. This is an action for damages and other relief arising from Defendant's interference with Plaintiff's rights under the FMLA and retaliation against Plaintiff for exercising or attempting to exercise her FMLA rights.
2. Plaintiff was an eligible employee under the FMLA who suffered from a serious health condition. Defendant terminated Plaintiff's employment shortly after

she took time off work due to her serious health condition, in violation of the FMLA.

Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically the FMLA, 29 U.S.C. §§ 2601, et seq. This Court also has jurisdiction pursuant to 29 U.S.C. § 2617(a)(2), which provides a private right of action to enforce the FMLA.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, and Defendant maintains its principal place of business in this District.

Parties

5. Plaintiff ACEVEDO is an individual residing in Orange County, Florida, within the jurisdiction of this Court. At all relevant times, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

6. Defendant KARDIA is a Florida Limited Liability Company duly registered under the laws of the State of Florida, with its principal place of business at 8440 Tradeport Drive, Unit 108, Orlando, Florida 32827.

7. At all relevant times, Defendant was an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4), as it is engaged in commerce or in an industry or

activity affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employs over 100 employees at its Orlando facility.

Factual Allegations

8. Plaintiff ACEVEDO is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant KARDIA. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

9. Corporate Defendant KARDIA is a logistics company and Amazon delivery service provider, offering delivery services of Amazon packages. Defendant has facilities at 4401 Seaboard Road, Orlando, Florida 32808, where Plaintiff worked.

10. Defendant KARDIA is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered Employer within the meaning of the FMLA.

11. Plaintiff, ACEVEDO, was employed by Defendant KARDIA from approximately February 1st, 2025 to April 15th, 2026, or approximately 1 year and 2.5 months.

12. Plaintiff was hired and worked as an Amazon package delivery driver. During her employment, Plaintiff was paid at the hourly rate of $20.75 per hour, and her overtime rate was $31.13 per overtime hour.

13. Throughout her employment with Defendant, Plaintiff performed her duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

14. On or about March of 2026, Plaintiff informed Defendant of her serious health condition, which required her to take time off to take care of her condition. Her condition constitutes a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11), as it involves continuing treatment by a health care provider and periodically renders Plaintiff unable to perform the functions of her job.

15. In response to Plaintiff's request for qualifying FMLA leave, management informed Plaintiff that if she needed to take time off to take care of her condition, and she had a doctor's note, then the requested leave would not affect her employment with KARDIA.

16. On or about April 14th, 2026, with approval from management, Plaintiff attended a medical appointment during work hours to take care of her serious health condition. This was the first time Plaintiff had attended a doctor's appointment during work hours. Plaintiff had previously attended two other

doctor appointments, however, those occurred during times Plaintiff was off from work.

17. The following day, on or about April 15th, 2026, Plaintiff was called into a meeting with management and Human Resources. At the meeting, management informed Plaintiff that she was fired alleging false and pretextual reasons.

18. Prior to her termination, Plaintiff provided Defendant with sufficient notice of her need for FMLA leave, as the circumstances permitted, by informing management of her condition and symptoms at the time. Plaintiff had previously informed Defendant of her ongoing serious health condition.

19. At the time of her termination, Plaintiff had worked for Defendant for over one year, had worked at least 1,250 hours in the preceding 12-month period, and was otherwise eligible for FMLA protections.

20. Defendant's termination of Plaintiff interfered with her FMLA rights and was in retaliation for her exercise or attempted exercise of those rights.

21. Defendant's actions were willful, as evidenced by its prior knowledge and approval of Plaintiff's absence related to her serious health condition, and its disregard for her Federally protected rights.

22. Therefore, on or about April 15, 2026, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family and Medical Leave Act were violated.

23. Defendant KARDIA is subject to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of a protected FMLA leave and then continuing her job in her original position or an equivalent position.

24. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2), which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

25. As a direct and proximate cause of Defendant’s denial of Plaintiff's FMLA rights, Plaintiff lost her employment as described above.

26. Because of Defendant's willful, wanton, and malicious acts, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

27. Plaintiff seeks to recover damages pursuant to the Family and Medical Leave Act and any other remedy as allowable by law.

**COUNT I:**
**VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993;**
**INTERFERENCE WITH FMLA RIGHTS**

28. Plaintiff Juana Paulino realleges and incorporates by reference paragraphs 1 through 27 above as if fully set forth herein.

29. This is an action against Defendant KARDIA for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

30. At all times relevant and material, Defendant KARDIA was an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant as always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75-mile radius of the facility where Plaintiff worked.

31. Plaintiff ACEVEDO is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

32. Defendant KARDIA employed Plaintiff ACEVEDO from approximately February 1st, 2025, to April 15th, 2026, or one year and 2.5 months (63 weeks).

33. Plaintiff was hired as a Delivery Driver, and she had duties delivering Amazon packages, earning a wage rate of $20.75 per hour.

34. Plaintiff had worked for KARDIA for more than 1,250 hours in the 12 months preceding her need for medical leave.

35. Plaintiff ACEVEDO was an eligible employee under the FMLA's protective provisions.

36. On or about March of 2026, Plaintiff informed Defendant of her serious health condition, which required her to take time off to take care of her condition. Her condition constitutes a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11), as it involves continuing treatment by a health care provider and periodically renders Plaintiff unable to perform the functions of her job.

37. In response to Plaintiff's request for qualifying FMLA leave, management informed Plaintiff that if she needed to take time off to take care of her condition, and she had a doctor's note, then the requested leave would not affect her employment with KARDIA.

38. On or about April 14th, 2026, with approval from management, Plaintiff attended a medical appointment during work hours to take care of her serious health condition. This was the first time Plaintiff had attended a doctor's

appointment during work hours. Plaintiff had previously attended two other doctor appointments, however, those occurred during times Plaintiff was off from work.

39. The following day, on or about April 15th, 2026, Plaintiff was called into a meeting with management and Human Resources. At the meeting, management informed Plaintiff that she was fired alleging false and pretextual reasons.

40. Therefore, on or about April 15th, 2026, Plaintiff was wrongfully terminated, and her rights under the Family and Medical Leave Act provisions were violated.

41. Defendant took materially adverse actions against Plaintiff and terminated her employment and benefits because she intended to exercise rights protected under the FMLA.

42. Defendant KARDIA is subject to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

29 US CODE § 2615 states in the pertinent part:

**a) Interference with rights**
**1) Exercise of rights**
It shall be unlawful for any Employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.

> **(2) Discrimination**
> It shall be unlawful for any Employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

43. Under the FMLA, eligible employees are entitled to take up to 12 weeks of unpaid, job-protected leave during any 12-month period for, among other reasons, a serious health condition that makes the employee unable to perform the functions of their job. This includes intermittent leave when medically necessary.

44. Defendant interfered with Plaintiff's FMLA rights by, among other things: (a) failing to recognize Plaintiff's time off on April 14, 2026, as protected FMLA leave; (b) terminating her employment for taking such leave; and (c) failing to restore her to her position or an equivalent position upon her return on April 15th, 2026.

45. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2).

46. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish,

loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have occurred in the past, are occurring at present, and will continue in the future.

47. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

Prayer For Relief

Wherefore, Plaintiff ACEVEDO respectfully requests that this Honorable Court grant judgment:

A. Finding that Defendant KARDIA'S actions towards Plaintiff are violative of Plaintiff's rights under the FMLA;
B. Awarding Plaintiff ACEVEDO payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;
C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;
D. Granting such other and further relief as is just and proper;
E. Awarding Plaintiff costs, including reasonable Attorney's fees.

Demand for a Jury Trial

Plaintiff ACEVEDO demands a trial by jury of all issues triable as a matter of fact.

**COUNT II:**
**VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT OF 1993**
**RETALIATION FOR EXERCISING FMLA RIGHTS**

48. Plaintiff Juana Paulino realleges and incorporates by reference paragraphs 1 through 27 above as if fully set forth herein.
49. This is an action against Defendant KARDIA for damages and injunctive relief for violating the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).
50. At all times relevant and material, Defendant KARDIA was an Employer under the FMLA, as defined in 29 USC § 2611(4).
51. At all times pertinent to this Complaint, Defendant was engaged in interstate commerce and employed 50 or more employees within a 75-mile radius of the facility where Plaintiff worked.
52. Plaintiff ACEVEDO is a qualified female member of the protected class within the purview of 29 USC Section 2601, the Family & Medical Leave Act.
53. Defendant KARDIA employed Plaintiff Juana Paulino from approximately February 1st, 2025, to April 15th, 2026, or one year and 2.5 months (63 weeks).
54. Plaintiff was hired as a delivery driver, and she had duties delivering Amazon packages, earning a wage rate of $20.75 an hour.

55. Plaintiff worked for KARDIA for more than 1,250 hours in the 12 months preceding her need for medical leave.

56. Under the FMLA, it is unlawful for an employer to discharge or otherwise discriminate against an employee for opposing any practice made unlawful by the FMLA or for exercising or attempting to exercise FMLA rights.

57. Plaintiff engaged in protected activity under the FMLA by taking time off on April 14th, 2026, due to her serious health condition and by informing Defendant of her need for such time.

58. Defendant retaliated against Plaintiff by terminating her employment on April 15th, 2026, shortly after she engaged in this protected activity.

59. There is a causal connection between Plaintiff's protected activity and her termination, as the adverse action occurred the very next day and was pretextually based on "substandard performance" despite Plaintiff meeting all of her goals and being offered a promotion with better pay prior to her leave.

60. Plaintiff was wrongfully terminated from her position in retaliation for her ability to exercise her rights under the Act, thereby adversely affecting Plaintiff.

61. Defendant KARDIA is subject to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff, violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

> § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.
>
> **(a)** The FMLA prohibits interference with an employee's rights under the law and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:
>
> **(1)** An Employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.
>
> **(2)** An Employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

62. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family and Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualified serious health condition and then continuing her job in her original position or any equivalent position.

63. Defendant willfully and wantonly denied or otherwise interfered with and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family and Medical Leave Act.

64. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment and the security and peace of mind it provided her. Plaintiff has

incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

65. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff ACEVEDO respectfully requests that this Honorable Court grant judgment:

A. Finding that Defendant KARDIA'S actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

B. Awarding Plaintiff ACEVEDO payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E. Awarding Plaintiff costs, including a reasonable Attorney's fee.

## Jury Demand

Plaintiff ACEVEDO demands a trial by a jury of all issues triable as a right by jury.

Dated: April 17th, 2026

Respectfully submitted,

By: ***_/s/ Alexis Mena-Glasgow_***
Alexis Mena-Glasgow, Esq.
Florida Bar No.: 117839
**SIMPSON & MENA, P.A.**
2250 SW Third Avenue
Suite 501
Miami, FL 33129
Telephone: (305) 912-7665
Email: **alexis@simpsonmenalaw.com**
*Attorney for Plaintiff*